# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JOHN DOE,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　**Case No. 4:23cv321-MW-MAF**

**MARK GLASS, COMMISSIONER,**
**FLORIDA DEPARTMENT OF**
**LAW ENFORCEMENT,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

In September 2023, the pro se Plaintiff was ordered to file an amended civil rights complaint. ECF No. 8. Plaintiff filed objections to that order, and they were referred to the presiding District Judge. ECF Nos. 9-10. On October 26, 2023, Chief United States District Judge Mark E. Walker rejected Plaintiff's objections. ECF No. 11. Therefore, an Order was entered the following day which set a new deadline for Plaintiff to file an amended complaint as previously directed. ECF No. 12.

Nearly a month later, Plaintiff filed a motion, ECF No. 13, which advised that Plaintiff did not receive a copy of the Order entered by Judge

Walker. Plaintiff requested that he be provided with a copy of that Order, and that he be given an extension of time to file his amended complaint. *Id.* Plaintiff's requests were granted in an Order entered on November 28, 2023. ECF No. 14. The Clerk of Court provided Plaintiff with a copy of Judge Walker's Order, ECF No. 11, and Plaintiff was given until **December 29, 2023**, to file an amended complaint as previously directed. *See* ECF Nos. 5, 8.

As of this date, Plaintiff has not complied. Although Plaintiff filed an unnecessary "notice of address change" on December 13, 2023, ECF No. 15,[1] nothing on the docket would indicate that Plaintiff did not receive the Order and was unaware of his deadline. Plaintiff has had more than sufficient opportunity to file an amended complaint if he desired to litigate this case, and he has been sufficiently warned of the consequences of failing to comply. *See* ECF No. 8 at 5, ECF No. 12 at 2; ECF No. 14 at 2. Therefore, it is recommended that this case be dismissed for failure to prosecute.

---

[1] On September 11, 2023, Plaintiff first filed a notice of address change which provided an address of 117 Maple Street, Box 21, Dahlen, ND 58224. ECF No. 6. Plaintiff's successive address change filed in December 2023 provided the same address. ECF No. 15. It was, accordingly, not a change.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* <u>Ciosek v. Ashley</u>, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  <u>Smith v. Bruster</u>, 424 F. App'x 912, 915 (11th Cir. 2011).  Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to prosecute and comply with a Court Order and any pending motions be denied.

**IN CHAMBERS** at Tallahassee, Florida, on January 5, 2024.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:23cv321-MW-MAF